# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Jessica Lacombe, individually and as a representative of the Class,<br><br>Plaintiff,<br><br>v.<br><br>Accurate Background, LLC,<br><br>Defendant. | Case No. 1:22-cv-00699<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Jessica Lacombe ("Plaintiff" or "Ms. Lacombe") brings this Class Action Complaint against Accurate Background, LLC ("Defendant" or "Accurate"), on behalf of herself and the Class set forth below:

## INTRODUCTION

1. This is a class action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against a consumer reporting agency that falsely reports the level of a consumer's criminal offenses – in Plaintiff's case, erroneously reporting a misdemeanor conviction as a felony.

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make employment decisions.

3. Defendant falsely reported to Plaintiff's prospective new employer that she had been convicted of a felony, when in fact the matter had been amended to a misdemeanor.

4. Defendant's inaccurate report could have been easily avoided had Defendant consulted the public records pertaining to Plaintiff's case. Had Defendant even performed a cursory review of such public records, it would have discovered the proper level of the offense.

5. Defendant does not employ reasonable procedures to ensure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Plaintiff's report being grossly inaccurate.

6. Defendant committed these violations pursuant to its standard policies and procedures which harm consumers seeking employment by prejudicing their prospective employers with inaccurate information.

7. Defendant's inaccurate reporting harmed Plaintiff's employment prospects, causing her concrete harm. This reporting also invaded Plaintiff's privacy and damaged her reputation, a harm analogous to defamation.

8. As a result of Defendant's conduct, Plaintiff brings claims for Defendant's failure to use reasonable procedures to ensure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b).

9. Because Defendant's violations arose from its standard policies, practices, and procedures, Plaintiff brings her claim on behalf of proposed a Class.

10. This class action seeks statutory and punitive damages, costs, and attorneys' fees for Plaintiff and the Class against Defendant for its willful violations of the FCRA, by inaccurately reporting the severity of their offenses.

**THE PARTIES**

11. Plaintiff Jessica Lacombe ("Plaintiff" or "Ms. Lacombe") is a natural person who lives in Indianapolis, Indiana and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

12. Defendant Accurate Background, LLC is a California corporation doing business throughout the United States, including in the State of Indiana and in this District, and has a principal place of business located at 7515 Irvine Center Drive, Irvine, California 92618.

13. Among other things, Defendant sells background checks to employers for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote.

14. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

17. The service that Defendant purports to offer is readily apparent from its name: Accurate Background holds itself out as a resource for employers to obtain accurate criminal background information regarding job candidates.

18. Unfortunately, Defendant does not in fact supply accurate background information: instead, it supplies employers with outdated and inaccurate information regarding convictions.

19. The FCRA was enacted based on Congress's findings that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that there is a "need to ensure that consumer reporting agencies

exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. Thus, the FCRA requires consumer reporting agencies to operate "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

20. The FCRA requires that consumer reporting agencies maintain reasonable procedures to ensure "maximum possible accuracy" of the information included in the reports they produce. 15 U.S.C. §1681e(b).

21. Defendant systematically and purposefully disregards its "grave responsibilities" by routinely reporting inaccurate conviction information on consumers in violation of the FCRA.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

22. In 2013, Plaintiff plead guilty to Theft in Hancock Superior Court, Hancock County, Indiana. At the time, the charge was a Class D felony.

23. Plaintiff successfully completed her two years of probation and made all required payments to the court.

24. In April 2015, having been successfully discharged from probation, Plaintiff, acting *pro se* and on her own initiative, petitioned the court for an alternate misdemeanor sentence pursuant to Indiana Code § 35-38-1-1.5.

25. On January 8, 2016, the court granted Plaintiff's request, amending Plaintiff's conviction to a Class A Misdemeanor.

26. The fact of the amendment was apparent on the face of the court file, and on the face of the Criminal Transcript provided by the Indiana State Police regarding Plaintiff.

27. In or around November 2021, more than five years after the conviction was amended, Plaintiff applied for employment with non-party Securitas Security Services USA, Inc. ("Securitas").

28. On or about November 8, 2021, Securitas purchased a consumer report about Plaintiff from Defendant.

29. Defendant, in its report about Plaintiff to Securitas, failed to reflect the amended conviction, instead stating that Plaintiff had been convicted of a felony. Defendant's reporting was wrong.

30. Due to Defendant's reporting Plaintiff's application with Securitas was not successful.

31. As a result of Defendant's conduct, Plaintiff has suffered concrete harm arising from loss of employment opportunities, harm to reputation, and invasion of privacy.

32. Defendant's misreporting also undid the considerable work that Plaintiff put into reducing her conviction, causing her considerable distress, and thwarted the legislative and judicial policy behind the reduction in conviction.

**Defendant's Failure to Adopt Reasonable Procedures to Ensure Maximum Possible Accuracy**

33. Consumer reporting agencies are required to adopt reasonable procedures to ensure maximum possible accuracy of the information included in the reports they issue. 15 U.S.C. § 1681e(b).

34. The obligations of 15 U.S.C. § 1681e(b) require both that the information presented in consumer reports be factually accurate, but also that the information be presented in such a way as to not be misleading.

35. The information in Defendant's report is facially inaccurate.

36. Defendant's report is inaccurate because it states that Plaintiff has a felony conviction, when in fact she does not.

37. Defendant could have easily checked the public records to ensure that it was reporting accurate information, but it failed to do so.

38. Defendant's inaccurate reporting harms consumers by making them appear to be less desirable employment applicants. Obviously, an individual with a felony conviction is a less attractive applicant than one with a misdemeanor conviction. For individuals like Plaintiff who made the time and effort to seek and receive reductions in their charges after the fact, Defendant's misreporting deprives them of the results of their efforts to which they are entitled.

39. Defendant's reporting is also contrary to public policy, as it deprives individuals of the fresh start that the courts and legislature intended when they made reduced convictions a possibility.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings her Claim for Relief on behalf of herself individually, and, pursuant to Fed. R. Civ. P. 23, on behalf of the Class, defined as follows:

> All natural persons who were the subject: (1) of a consumer report furnished by Defendant to a third party within the two years preceding the filing date of this Complaint; (2) where such report contained a conviction or charge from the state of Indiana; and where (3) where the report overstated the severity of the conviction or charge.

41. The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

42. <u>Numerosity</u>: The Class is so numerous that joinder of the claims of all class members is impractical. Membership in the Class can be ascertained though Defendant's records, and where needed, public records.

43. <u>Existence and Predominance of Common Questions of Law and Fact</u>: Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Defendant has unreasonable procedures for the reporting of convictions; (b) whether this conduct violated the FCRA; and (c) whether the violations were willful, reckless, knowing, or intentionally committed in conscious disregard of the Plaintiff's and class members' rights.

44. <u>Typicality</u>: Plaintiff's claims are typical of the claims of each class member and all claims are based on the same facts and legal theories. Plaintiff, as every class member, alleges violations of the same FCRA provision, 15 U.S.C. § 1681e(b). The claims challenge Defendant's consumer reporting procedures and do not depend on any individualized facts. Plaintiff seeks statutory and punitive damages, which are appropriate in circumstances like this one where injuries are particularized and concrete, but difficult to quantify.

45. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the class members' interests. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the class members and has accepted such responsibilities.

46. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a. As alleged above, the questions of law or fact common to the class members predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual issues. The statutory and

punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many consumers who are unable to afford and bring such claims individually. Further, most consumers affected by Defendant's conduct are likely unaware of their rights under the law. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class-wide and should be resolved at one time.

## **CLAIM FOR RELIEF**
### **15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(On behalf of Plaintiff individually and on behalf of the Class)**

47.     Plaintiff re-alleges and incorporates the allegations set forth above as if fully stated herein.

48.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

49.     Defendant prepared patently false consumer reports concerning Plaintiff and class members, incorrectly indicating that they had been convicted of or charged with higher level offenses than they had in reality.

50.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the consumer reports it published and maintained concerning Plaintiff and class members.

51. As a result of Defendant's conduct, Plaintiff and the Class suffered concrete harm including but not limited to financial harm, harm to employment opportunities and reputational harm.

52. Defendant's violation was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53. Defendant's conduct was willful because it was carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than engaging in the due diligence that would result in producing accurate reports.

54. Plaintiff and class members are entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for relief as follows:

a) Determining that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3);

b) Designating Plaintiff as the representative for the Class;

c) Designating Plaintiff's Counsel as counsel for the Class;

d) Issuing notice to the Class at Defendant's expense;

e) Declaring that Defendant committed multiple, separate violations of the FCRA;

f) Declaring that Defendant acted willfully and in deliberate or reckless disregard of the rights of Plaintiff and the Class under the FCRA;

g) Awarding statutory damages as provided by the FCRA;

h) Awarding punitive damages as provided by the FCRA;

i) Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA; and

j) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

55. Plaintiff, on behalf of herself and the Class, demands a trial by jury on all issues triable by a jury.

Dated: April 7, 2022 /s/Joseph C. Hashmall

E. Michelle Drake*
Joseph C. Hashmall*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999
F. 612.584.4470
emdrake@bm.net
jhashmall@bm.net
*motion for pro hac vice filed contemporaneously*

*Attorneys for Plaintiff and the Putative Class*